We have six in court and we will knock the Federal Defender's Office court out of Mr. Dorise. I'm hoping to have a couple minutes at the end for rebuttal. So the main question the court has to deal with is whether Mr. Dorise's 2241 filing was properly filed. 2241 and whether it fits under the escape hatch or savings clause of 2255-E. Our position as we've stated in the briefing is that it is. That the district court correctly determined that he had an unobstructed, or he had an obstructed opportunity to raise the Johnson claim because Johnson had been decided when he raised his direct appeal when he was challenging his various career offender cases many, many times. Well, now that we have Beckles playing this out for me, are you going to cite the remedies? Well, Beckles is a very, I mean, I think it's Beckles that's very clear that it is grounded in the advisory nature of the guidelines. So it is a very limited decision in that sense. And since Mr. Dorise's sentencing was a three-booker mandatory guidelines case, it doesn't control. But I think if you actually read Beckles with some care, he actually continues to support his position that you can raise it if you make this challenge suit both guidelines. And I contend that there is some language in his Proceed 2241 that would suggest, if you literally construe it, that he's challenging the statutory conviction status as a career planner. And then we also have the argument I want to get to later about the general order and the value of the points. Do you think he has a viable client post-Beckles because it's a three-booker sentencing? Right. And Beckles repeatedly points to reaffirming the court's recognition that the Due Process Clause protects defendants from arbitrary sentencing. So the three-booker mandatory guidelines, even if you just barely look at it just as a career offender challenge, still was the controlling thing, the language that they use is basically recognizing that the due process concerns that the required notice in a world of mandatory guidelines no longer apply. Well, Dorsey's sentence still lives in the mandatory court. So I think if you read Beckles carefully, it actually supports and certainly does not bar him from getting relief under 2241, which I think is a key question. So this court has not struggled, as have apparently all the circuits, with what the escape hatch really means. And the Marrero case posits that, you know, that there are multiple possible ways of providing actual innocence. And so this court has not ruled that actual innocence bars a non-capital sentencing challenge. It hasn't affirmed and said it does, but it hasn't removed that from a possibility. So our position is, and this is where the general order fits into, and I think you don't need to actually reach that case because it was an abuse of discretion of the court not to notify the federal defender pursuant to the general order that appointed us and required us to be notified in all 2255s. Any kind of habeas 2241 was specifically laid out in the general order on purpose, as I have drafted, so I know it was there for a purpose, because we knew the Fresno State prisoners would raise these things in any variety. We had 3582 motions that were really junks and things. They come in all sorts of guises. So the purpose of the general order was to recognize this is a complicated area of law and it's a time-sensitive area of law because of the statute limitations. And by the court's failure to notify us in a timely manner, it would have, as soon as we looked at the indictment and what he was convicted of, amended the 2241 to explicitly include a challenge to the 924C conviction. And so if you need, under Barrera, what actually is this claim, he was prejudiced by that failure. Because if there would have been a direct challenge to a conviction, I don't think under Barrera you would do it because of the language that talks about if the sentence resulted from a constitutional violation in that case. And that's what, even if you read it just as narrowly as he wrote the original, the pro se motion, is that covers the career. Can you tell me something about what amending would have accomplished in here? Something would have made it shorter, but it would have clarified the grounds both for a career challenge, career offender challenge, because it's both, it's not just based on the Texas prior robberies. It would also be a challenge to the status of the actual convictions, the federal convictions not qualifying as crimes of violence, because the career offender requirement, provision, requires both that the offense, the federal offense, be a crime of violence and either have, they're required to predicate crimes of violence or drug offenses. And so they would have been challenged to the armed bank robbery. Now that issue of whether armed bank robbery, 2113A or D, is a career, I should say, sorry, is a crime of violence under Post Johnson is bouncing in this courthouse all over the place, and it hasn't been resolved in a published decision. My understanding is that the case to Kutcher that was submitted last Tuesday in Pasadena has failed, hasn't. This Jordan case that I had cited, expecting to get a decision that turned out is a memorandum decision, and it was really resolved on a plain error, that he could not have a plain error review, and that's not the status, that's not the standard we have here. So I don't think that's, it's not binding because it's a memorandum decision, but it's also not helpful because this review standard is so differential. I think those are the main points I wanted to touch on. Sorry, sir. Thank you. My name is Gordon Rodriguez on behalf of the Laundry Magic Museum. It is for properly dismissed, Mr. Dores' petition, because 3241 is simply the improper vehicle to attempt to challenge a non-capital sentencing enhancement. And furthermore, Mr. Dores is not entitled to relief because both of his Texas prior robbery convictions are crimes of violence under the Enumerated Offenses Clause of the Inquiry or Offender Guideline. The baseline, of course, is that 3241 is designed to challenge the means and conditions and location of a criminal sentence, not the sentence and conviction. There is, of course, a escape hatch, but this Court in Morales v. Stives narrowed, followed all the other churn heads in stating that in order to take advantage of this escape hatch, a petitioner must show that, first, he is making an absolute innocence claim, and second, that a 2255, which is the traditional means of challenging a sentence and conviction, was an inadequate or ineffective remedy. And how would a 2255 be an inadequate or effective remedy for Mr. Dores' point, especially in light of trickles? The case law is clear that a second or successive 2255 petition is denied by another circuit or by the specific court that's thought to be an inadequate or effective. What needs to happen, how could it be effective? And what's his remedy now? His effective remedy would be if he is making an absolute innocence claim, that is, that he was innocent of the bank robbery and or that he was innocent of the underlying convictions that were the basis for enhancing the sentence. If he was making those types of claims or that... How does he bring it to a 2255? I mean, you're not missing your next one. In general, if the Supreme Court makes a ruling that makes his crime no longer a crime, for example, then he would be entitled to bring a second or successive petition if the Supreme Court makes it fully retroactive. I think you're addressing the main part here because it does seem that Echols may be grounded in a guidelines sort of context, and he's pre-guidelines. I mean, he was a pre-booker. So how is he not limited by that? How would he be able to bring it? If, in theory, he was bringing a guidelines challenge to the enumerated offenses clause of a void for vagueness challenge to the enumerated offenses clause, and the Supreme Court had, in fact, stated that the enumerated offenses portion of the concurred offender guideline was, in fact, a void for vagueness, and Mr. Parisi had a procedural shot, but for whatever reason, through no fault of his own, he was procedurally barred from bringing that second or successive petition, then... But he's barred from doing that? That's correct, Your Honor, because the bottom line of all of what you're saying is he has no effective remedy under 2255, isn't he? Yes, Your Honor. The main bar to his claim is that both of his prior convictions fall under the enumerated offenses clause of the career offender guideline, which have never been invalidated, and, in fact, have been repeatedly upheld. And, in fact, Beckel specifically states that in terms of due process guideline challenges, it must be to a situation where a sentence is being increased beyond the statute or maxims, essentially. And the Supreme Court has previously stated, in the Labonte case, which was catalyzing a United States Code section 994H, which is the basis for the career offender guideline, that, in fact, the sentencing commission got it wrong and that the enhanced versions of the statutory maxims were at play rather than the unenhanced versions. And that case also involved a fourth vagueness challenge, essentially, to application of the statute, and the Supreme Court rejected it. In addition, to bring the mandatory versus supervisory guidelines challenge at this point under these facts seems inappropriate because, obviously, the State Circuit and other district courts have consistently held that the Texas prior convictions are, in fact, crimes of violence under the Enumerated Offenses Clause. Therefore, and also, in addition, it's mentioned that the public defender might be interested in challenging armed bank robbery as no longer being a crime of violence. This Court is bound by right and self-law, which held that an armed bank robbery is a crime of violence for the purposes of career offender under the Force Clause. Therefore, the defendant is for reasons not entitled to believe at all. And this brings me to why this Court declined to stand a suit of unanimous appealability. The appellant has stated that the general order applied to cases previously identified as entitled to counsel, and the case of supporting appointment of counsel, or prejudice from appointment of counsel, really have to do with, for example, Rule A and C, where counsel is mandated to quarry forth in inter-court hearings, or other cases where counsel is statutorily required. In this case... I'm just going to outline for your time, as far as this is an emphasis, I think I'll try this one more time, because I'm not sure I understand your position. It seems like the Beckles decision, who suggested sentences under the Residual Clause before, the Booker decision, may have been unconstitutional. To suggest that, at least, would be... It does probably answer that question definitively, but who would ever be able to show that they were unconstitutional, given the procedural barriers a petitioner would face in challenging them? It seems unlikely that they could bring a timely Section 2255-10 petition, since all the sentences would date back to prior to 2005. So, is anyone better situated than this petitioner here? Yes, Your Honor, a petitioner who was convicted and sentenced under the Residual Clause. There has not... Beckles and the Johnson letter cases obviously do not apply to the Integrated Offenses Clause or the Force Clause. So, a petitioner who was actually sentenced under the Residual Clause would be better situated to bring this claim, an actual innocence claim. But how are you doing it? Again... Your time has expired. Your Honor, again, it would have to be an actual innocence claim, but even the case law prior to Booker seems to suggest that the Career Offender Guideline not only did the courts have discretion under the Mandatory Guidelines regime under United States v. Kuhn and some other cases, but the District Court had the ability to look at the prior convictions and decide whether or not to apply. In your view, what's a legitimate 2241 petition that could not proceed under 2255? A true claim of actual innocence that I am not completely innocent or I am completely innocent, I did not commit the bank robbery or I did not commit the two prior convictions that were the basis of me becoming a career offender. Those are the exceptions for the extraordinary case of a constitutional violation. These were the exceptions that were laid out in Guerrero v. Ives. The government simply was requesting that you follow Guerrero v. Ives and deny the employees because it has not brought a true, actual innocence claim. Thank you. Thank you, Counsel. Your Honor. Thank you, Your Honors. Regarding the Texas robberies in counsel's discussion about the numerator defenses, he's conflating what is in the commentary with what is in the actual guideline of the numerator defenses. The 4B1.1 enumerated defenses in 2001 were burglary of a dwelling, arson, and extortion and involving use of explosives. That's it. Robbery is not there. Our bank robbery is not there. So the debate about whether the residual clause, sorry, not the residual clause, whether the commentary's enumerated list survives and is only intended to interpret the residual clause, that still has to be decided. There were two justices, Sotomayor and Ginsburg, who, in their concurrency beckles, wanted to say that the defense arguments that the commentary defines the residual or describes the residual clause was backwards, that you have to look at the residual clause in terms of the commentary. That was only two votes. So that certainly is not a controlling decision. It is in discord with the Supreme Court about that issue. So it's careful. My point really is that you have to be careful about what enumerated list you're looking at because robbery is not an enumerated list. Counsel's argument about having remedies available from the Fifth Circuit, I think you well understand, isn't effective. MacArthur, in the recent case that they cited in their 28J letter, basically says you're procedurally barred. Once you're procedurally barred, you cannot get into the escape hatch. That's really the whole thing in that case. There was another point, which is no escaping me. So if there are no other questions, I'll... Thank you, Jackie. Thank you, Justice Arkins. Jason, I'd like to thank you both for your arguments. We will be seeing you in the next case on the local argument of cancer, which is Jackson versus McCormick.
judges: Thomas, Murguia, McCalla